Citation Nr: 1434236 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 09-42 341A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

David S. Nelson, Counsel

INTRODUCTION

The Veteran had active service from March 1966 to November 1969. He died in May 2007 and the appellant is his widow.

This issue comes before the Board of Veterans' Appeals (BVA or Board) on appeal from a November 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The appellant seeks entitlement to service connection for the cause of the Veteran's death, as the surviving spouse of the Veteran, who died in May 2007. 

The Veteran and the appellant were married in February 1975 and were not divorced at the time of the Veteran's death. At an August 2002 VA PTSD examination the Veteran indicated that he had been separated from his wife for the prior four and a half years. The Veteran essentially indicated that this wife had left him. In a June 2007 statement the appellant indicated as follows:

[The Veteran] and I had been separated due to his health and convenience as he could not bear the harsh winters he provided me with health insurance and other support as I stayed in New York.

The Veteran's death certificate noted his marital status as "Married, but Separated." 

When a veteran dies, his or her surviving spouse may be eligible to VA death benefits, to include Dependency and Indemnity Compensation (DIC), based on recognition as the surviving spouse of the Veteran. 38 U.S.C.A. § 1541. VA DIC benefits are payable to a surviving spouse who was married to a veteran: (1) within 15 years of the end of the period of service in which the injury or disease causing the veteran's death was incurred or aggravated; or (2) one year or more; or (3) for any period of time if a child was born of the marriage, or was born to them before the marriage. 38 C.F.R. § 3.54(c).

Surviving spouse status is a threshold requirement for DIC. As pertinent to this case, a surviving spouse for VA purposes must have lived with the veteran continuously from the date of marriage to the date of the veteran's death except where there was a separation which was due to the misconduct of, or procured by, the veteran without fault of the spouse. 38 C.F.R. §§ 3.50(b)(1), 3.53.

The evidence in the claims file suggests that the Veteran and appellant were married, but separated at the time of his death in May 2007. As such, a remand is required to afford the RO the opportunity to determine in the first instance the effect of the separation prior to the Veteran's May 2007 death, on whether the appellant may be recognized as the surviving spouse in this case.

Accordingly, the case is remanded for the following action:

1. The RO must contact the appellant and afford her the opportunity to identify or submit any additional pertinent evidence in support of her claim of entitlement to service connection for the cause of the Veteran's death, to include the related matter of whether the appellant may be recognized as the surviving spouse of the Veteran for VA benefits purposes. Based on her response, the RO must attempt to procure copies of all records which have not previously been obtained from identified sources. All attempts to secure this evidence must be documented in the claims file by the RO.

2. The AOJ should then, based on all the evidence of record, adjudicate the issue of entitlement to service connection for the cause of the Veteran's death, to include the related matter of whether the appellant may be recognized as the surviving spouse of the Veteran for VA benefits purposes. If the benefit sought is not granted, a supplemental statement of the case should be issued, the appellant and her representative should be afforded the appropriate period to respond, and the case should thereafter be returned to the Board, as appropriate.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).